11-1842-cv
Hopkinson v. Estate of Siegal

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of May, two thousand twelve.

PRESENT:  JON O. NEWMAN,
          CHESTER J. STRAUB,
          GERARD E. LYNCH,
                    *Circuit Judges.*

_____

JUDITH L. HOPKINSON,

                    *Plaintiff-Appellant*,

          v.                                        No. 11-1842-cv

THE ESTATE OF RICHARD SIEGAL, GAIL SIEGAL, MICHAEL SIEGAL, JEFFREY SIEGAL, BIPPY SIEGAL, MARIA SCIBELLI, BISTATE OIL MANAGEMENT CORPORATION, SST HOLDING COMPANY, LLC, PALACE EXPLORATION COMPANY, TTO DRILLING COMPANY, INC., THO DRILLING COMPANY, INC., TAH DRILLING COMPANY, INC., TAQ DRILLING COMPANY, INC., VAIL DRILLING COMPANY, INC., OIL AND GAS TITLE HOLDING CORPORATION,
                    *Defendants-Appellees*.

_____

FOR APPELLANT :     STEVEN G. STORCH (Rena Andoh, *on the brief*), Storch Amini Munves PC, New York, New York.

FOR APPELLEE:         STEVEN MICHAEL KAPLAN, Rosenfeld & Kaplan, LLP, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Leonard B. Sand, *J*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff-appellant Judith Hopkinson brought this action against defendants-appellees (collectively, "Siegal"),[1] alleging several false representations relating to Hopkinson's investment in partnerships set up as both tax shelters and investment vehicles for the purpose of oil and gas exploration. Hopkinson appeals the district court's decision granting summary judgment to Siegal on the basis of Hopkinson's failure to file suit within the applicable limitations period. We assume the parties' familiarity with the procedural history and facts of the case.

We review a grant of summary judgment de novo, "construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." Allianz Ins. Co. v. Lerner, 416 F.3d 109, 113 (2d Cir. 2005). "Summary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003).

_____

[1] Richard Siegal, the lead defendant, died prior to the filing of this suit.

The applicable statute of limitations requires a plaintiff to file suit by the greater of six years from the date of accrual, or two years after the "facts were discovered or . . . [the] facts could with reasonable diligence have been discovered." N.Y. C.P.L.R. §§ 203(g), 213(8). The parties agree that, in this case, the statute's accrual must be before March 4, 2008, two years before Hopkinson filed suit.

For substantially the same reasons outlined in the district court's thorough opinion, we conclude that the facts of Siegal's alleged fraud could have been discovered, with the plaintiff's reasonable diligence, before March 4, 2008. As early as 2005, Hopkinson knew that she was not receiving the return on investment she had been promised by Siegal. Moreover, she knew by December 2006 that the Internal Revenue Service was investigating the tax deductions offered by the Siegal vehicles in which she had invested. Courts applying New York law have already determined that plaintiffs, such as Hopkinson, who purport to have invested in fraudulent tax shelters may be on notice when the Internal Revenue Service announces an investigation of those shelters. See Kottler v. Deutsche Bank AG, 607 F. Supp. 2d 447, 460 (S.D.N.Y. 2009); Mirman v. Berk & Michaels, PC, No. 91 Civ. 8606, 1992 WL 332238, at *2-*3 (S.D.N.Y. Oct 30, 1992).

Moreover, Hopkinson's receipt in 2007 of the Arnall Complaint, which alleged that several of the same frauds and representations had been made by some of the same defendants in connection with similar oil and gas investments/tax shelters, was also sufficient to put her on inquiry notice. It is of no moment that the prior complaint alleged

3

a fraud involving significantly larger sums of money, concerned a joint venture rather than a partnership, or made additional unrelated allegations of misconduct by Siegal. The point is that Hopkinson, by her own admission, had access to allegations that Siegal had engineered a fraudulent investment and tax shelter scheme that bore a striking resemblance to her own partnerships with Siegal. New York law has recognized court documents less detailed than the Arnall complaint as an adequate basis for triggering the accrual period. See CSAM Capl., Inc. v. Lauder, 885 N.Y.S.2d 473, 479-80 (1st Dep't 2009) (holding plaintiffs were on notice that they may have been defrauded by misrepresentations of the fund's hedging strategy upon receipt of related arbitration notification). Thus, because the district court properly found that no reasonable fact finder could conclude that the suit was filed within the limitations period, summary judgment was appropriately granted to the defendants.[2]

We have considered the appellant's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Hopkinson's reliance on two federal cases interpreting the Securities Exchange Act's statute of limitations period is unavailing. See Merck & Co., Inc. v. Reynolds, 130 S. Ct. 1784 (2010); City of Pontiac Gen. Emps. Ret. Sys. v. MBIA, Inc., 637 F.3d 169 (2d Cir. 2011). As Hopkinson acknowledged at oral argument, the relevant statute of limitations for Hopkinson's fraud claim is determined by reference to New York law.